Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| MARÍA I. MARTÍNEZ MARRERO<br><br>Demandante-Recurrida<br><br>v.<br><br>UNIVERSIDAD DE PUERTO RICO Y OTROS<br><br>Demandados<br><br>SERVICIOS MÉDICOS UNIVERSITARIOS, INC.<br><br>Demandada-Peticionaria<br>_____<br><br>MARÍA I. MARTÍNEZ MARRERO<br><br>Demandante-Recurrida<br><br>v.<br><br>UNIVERSIDAD DE PUERTO RICO Y OTROS<br><br>Demandados<br><br>J & N PARKING GROUP CORP.<br><br>Demandada-Peticionaria | KLCE202400859<br><br>consolidado con<br><br><br><br><br>KLCE202400862 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2020CV02106<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de septiembre de 2024.

Mediante los recursos de epígrafe, Servicios Médicos Universitarios, Inc. (en adelante, Servicios Médicos) y J&N Parking Group Corp. (en adelante, J&N Parking) solicitan que revoquemos la Resolución emitida y notificada el 28 de mayo de 2024, por el

Tribunal de Primera Instancia (en adelante, TPI), Sala de Carolina.[1] Mediante el referido dictamen el foro primario declaró no ha lugar las mociones de sentencia sumaria promovidas tanto por las peticionarias, como por la recurrida María I. Martínez Marrero, al concluir que existen controversias sobre hechos medulares del caso y elementos subjetivos que deben dilucidarse en un juicio en su fondo y no mediante el mecanismo de sentencia sumaria.

La señora María I. Martínez Marrero (en adelante, Sra. Martínez Marrero) presentó su escrito en *Oposición a Petición de Certiorari* en ambos recursos.

Evaluados los escritos de las partes, así como los documentos que conforman el apéndice del recurso, incluida la transcripción de la deposición relacionada, este Tribunal resuelve denegar la expedición del auto de *certiorari*.

## I.

El 7 de octubre de 2020, la Sra. Martínez Marrero instó una demanda de daños y perjuicios contra el Municipio de Carolina[2], la Universidad de Puerto Rico y otros demandados desconocidos. Reclamó una indemnización por los presuntos daños y perjuicios que alega haber sufrido a consecuencia de una caída en unas escaleras que ubican en los predios del Hospital Universitario Federico Trilla, en Carolina, allá para el 30 de octubre de 2019. Alegó que la causa de la caída fue que las escaleras, que se encuentran expuestas al aire libre, estaban mojadas por el rocío mañanero. Alegó, además, que las escaleras estaban en muy mal estado, con la superficie de los escalones sumamente gastada y sin rotulación que advirtiera la condición de peligrosidad a los peatones

---

[1] Debido a que ambos recursos de *certiorari* impugnan la misma resolución, este Tribunal ordena la consolidación del caso núm. KLCE202400859 y KLCE202400862. Ello, al amparo de la Regla 80.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 80.1.
[2] El 19 de marzo de 2021, el TPI emitió una sentencia parcial y desestimó la demanda contra el Municipio de Carolina.

que por allí transitan. Acorde con ello, aseveró que los daños sufridos fueron causados por la negligencia de la parte demandada.

El 4 de mayo de 2021, la Universidad de Puerto Rico presentó su *Contestación a Demanda*. En ésta, negó las alegaciones en su contra y señaló que el área donde se alega que ocurrió el accidente corresponde a Servicios Médicos, por ser la corporación que administra la operación del Hospital Universitario Federico Trilla y su estacionamiento.

El 1 de febrero de 2022, la Sra. Martínez Marrero solicitó permiso para enmendar la demanda con el propósito de incluir como parte codemandada a Servicios Médicos. El TPI autorizó la enmienda mediane orden del 7 de febrero de 2022. En la demanda enmendada, la Sra. Martínez Marrero planteó que Servicios Médicos le arrienda los predios a la Universidad de Puerto Rico para llevar a cabo su operación comercial.

El 23 de mayo de 2022, Servicios Médicos presentó su *Contestación a Demanda Enmendada*. En ella, negó los hechos alegados e indicó que no existe la condición de peligrosidad alegada, que mantiene en forma adecuada y segura las facilidades físicas del hospital y que, el proceder negligente, si alguno, corresponde a la propia demandante o a terceros.

Como parte del descubrimiento de prueba, la Sra. Martínez Marrero cursó un interrogatorio y requerimiento de documentos a Servicios Médicos. En respuesta a dichos requerimientos, Servicios Médicos informó que existe un contrato entre éste y J&N Parking para la administración y operación del estacionamiento del Hospital Universitario Federico Trilla.

A la luz de la información obtenida, el 3 de noviembre de 2022, la Sra. Martínez Marrero solicitó permiso para enmendar la demanda nuevamente, a los fines de incluir como codemandado a J&N Parking. El 28 de noviembre de 2022, el TPI dictó orden en la

que autorizó dicha enmienda. En la *Segunda Demanda Enmendada,* la Sra. Martínez Marrero añadió como parte codemandada a J&N Parking, como administradora y encargada de la operación del estacionamiento ubicado en los predios del hospital donde sufrió la caída, por virtud del contrato a tales fines suscrito con el codemandado Servicios Médicos.

Servicios Médicos y la Universidad de Puerto Rico presentaron sus contestaciones a la segunda demanda enmendada el 6 de diciembre de 2022 y el 13 de diciembre de 2022, respectivamente.

Luego de varios trámites procesales[3], el 2 de agosto de 2023, J&N Parking presentó *Contestación a Demanda Enmendada.* En ella, indicó que no tenía bajo su cargo y responsabilidad la escalera en donde se alega que ocurrió el accidente.

Las partes llevaron a cabo descubrimiento de prueba. El 22 de enero de 2024, la Sra. Martínez Marrero presentó una *Moción Solicitando Sentencia Sumaria.* Propuso la existencia de seis (6) hechos incontrovertidos, los cuales reflejaban que no existía controversia acerca de que todos los codemandados fueron negligentes al no haber tomado las debidas precauciones o alertado a los transeúntes de la presunta condición peligrosa de la escalera, ocasionando el perjuicio reclamado. La moción fue acompañada de la transcripción de la deposición tomada a la Sra. Martínez Marrero el 17 de octubre de 2023, el informe de investigación de la aseguradora MAPFRE, el interrogatorio cursado por la Sra. Martínez Marrero a Servicios Médicos y la correspondiente contestación.

El 16 de febrero de 2024, la Universidad de Puerto Rico presentó su oposición a la solicitud de sentencia sumaria. Para

---

[3] Tras concedérsele varias prórrogas para presentar alegación responsiva, el 5 de abril de 2023, J & N Parking presentó una *Moción de Desestimación* por prescripción, en la cual adujo que la reclamación en su contra se había presentado luego de transcurrido más de un año del accidente, por lo cual procedía desestimar la acción en su contra. El 20 de junio de 2023, el TPI dictó una fundamentada resolución mediante la cual declinó desestimar.

sustentar su oposición, también utilizó la deposición tomada a la Sra. Martínez Marrero, así como el informe de investigación de la aseguradora MAPFRE. Planteó la existencia de una controversia real con relación a la causa de la caída. Esgrimió que surgía de la deposición que la Sra. Martínez Marrero admitió que vio que la escalera estaba húmeda, que pesaba 40 libras más que en la actualidad, que no había salido el sol, que tenía chancletas puestas, que tenía lesiones previas en las cervicales, los discos y el coxis, que el Fondo del Seguro del Estado la compensó por las lesiones; más, sin embargo, ésta no estableció la causa del resbalón. Arguyó que precisamente el informe del investigador de la aseguradora establecía que la escalera no demuestra desgaste en los escalones, que el material del piso es anti resbaladizo, poroso, que las medidas de las huellas y contra huellas están dentro de los reglamentos de construcción, que tiene barandas a ambos lados y que no se identificaron grietas o desniveles en la escalera, ni condición de peligrosidad alguna. Así pues, indicó que la prueba establecía hechos esenciales y pertinentes en controversia, relacionados con los factores que pudieron haber contribuido o provocado la caída objeto de la causa de acción, que impedían la resolución sumaria del caso.

El 23 de febrero de 2024, Servicios Médicos también presentó su *Oposición a Solicitud de Sentencia Sumaria y Solicitud de Sentencia Sumaria*. Igualmente utilizó la deposición tomada a la Sra. Martínez Marrero para rebatir la solicitud de sentencia sumaria presentada por ésta. Consignó que de la deposición surgía que, en ningún momento, la Sra. Martínez Marrero había establecido con qué o por qué resbaló, si fue con agua, rocío mañanero o con alguna sustancia; que una vez en el suelo fue que se percató que la escalera estaba húmeda; tampoco mencionó que el resbalón obedeció al desgaste de las escaleras o que hubiese un desnivel. Por no haber

establecido la existencia de una condición de peligrosidad en la escalera, Servicios Médicos arguyó que no existía prueba suficiente para determinar que ésta había fallado en mantener la escalera en condiciones seguras al público o que ésta tenía o debió tener conocimiento de la condición de peligrosidad y tampoco que ello hubiera sido la causa de la caída que ocasionó los daños reclamados. Aludió a la prueba que indica que la superficie de la escalera no es resbaladiza y cuenta con pasamanos instalados a ambos lados. De tal forma, Servicios Médicos solicitó que se denegara la solicitud de sentencia sumaria presentada por la Sra. Martínez Marrero y, en su lugar, se dictara sentencia sumaria a favor desestimando la reclamación en su contra por insuficiencia de prueba.[4]

Por su parte, en su *Oposición a Solicitud de Sentencia Sumaria* presentada el 27 de febrero de 2024, J&N Parking adujo que de la propia solicitud de sentencia sumaria de la Sra. Martínez Marrero surgía que J&N Parking solamente tiene un contrato de administración para el estacionamiento del hospital, que el estacionamiento queda distante de la escalera y que no tiene ningún control sobre la escalera en la que se indica que ocurrió el incidente. Por ello, solicitó que se denegara la solicitud de sentencia sumaria presentada por la Sra. Martínez Marrero y, en su lugar, se dictara sentencia sumaria a favor de J&N Parking desestimando con perjuicio la reclamación en su contra.[5]

[4] En apoyo a su solicitud, anejó la transcripción de la deposición tomada a la Sra. Martínez Marrero, el expediente médico correspondiente a la atención médica que ésta recibió de parte de Servicios Médicos, el informe de incidente de la Policía de Puerto Rico y copia del contrato suscrito con J&N Parking para la administración del estacionamiento.

[5] Además de la transcripción de la deposición tomada a la Sra. Martínez Marrero, J&N Parking acompañó su moción con copia del contrato suscrito con Servicios Médicos para la administración del estacionamiento, una declaración no juramentada suscrita el 31 de enero de 2023, por Frances Guzmán Delgado, quien fuera gerente de la empresa y fotografías del lugar donde se alega que ocurrieron los hechos.

El TPI celebró una vista argumentativa el 10 de abril de 2024, en la que las partes discutieron sus respectivas mociones de sentencia sumaria.

Sometido el asunto, el TPI emitió su Resolución el 28 de mayo de 2024, y declaró no ha lugar todas las mociones dispositivas presentadas. Concluyó que existían controversias sobre hechos medulares del caso y elementos subjetivos que deben dilucidarse en un juicio en su fondo. En la Resolución, el TPI enumeró los hechos que quedaron incontrovertidos y aquellos sobre los cuales aún existe controversia.

En específico, el foro primario formuló los siguientes hechos sobre los cuales no existe controversia:

1. Que la escalera donde ocurrió el incidente está al aire libre.

2. Que al momento de la caída estaba mojada por razón de haber llovido (rocío).

3. Las escaleras cumplen con requisitos de seguridad, es decir, pasamanos y medidas.

4. La Universidad de Puerto Rico es dueña del Hospital Universitario y le arrienda el hospital a Servicios Médicos Universitarios, Inc. ("SMU") quien lo administra y opera.

5. SMU a su vez le arrienda el estacionamiento a J&N Parking Inc.

6. El área donde ocurrió el accidente corresponde a SMU como la corporación que administra la operación del Hospital Universitario Federico Trilla y su estacionamiento.

7. SMU es la encargada del mantenimiento y de las reparaciones de la escalera en cuestión.

Por otro lado, especificó que existía controversia sobre los siguientes hechos:

1. Si la condición de la escalera era peligrosa pues muestra desgaste del suelo en el área especialmente de los bordes de los escalones, no tiene ningún adhesivo, o material antirresbaladizo, para evitar caídas y no hay letrero alguno que informe de la condición peligrosa.

2. Si los demandados son responsables por los daños sufridos por la demandante.

Cónsono con su pronunciamiento, el TPI ordenó la continuación de los procedimientos.

Los codemandados, Servicios Médicos y J&N Parking, presentaron sus mociones de reconsideración el 11 de junio de 2024 y el 12 de junio de 2024, respectivamente. La Sra. Martínez Marrero presentó su escrito en oposición a ambas mociones el 3 de julio de 2024. Mediante Resolución notificada el 9 de julio de 2024, el TPI declaró no ha lugar las mociones de reconsideración.

Inconforme, el 8 de agosto de 2024, Servicios Médicos instó el recurso de *certiorari* KLCE202400859, en el que alegó que el TPI cometió los siguientes señalamientos de error:

Erró el TPI al denegar la sentencia sumaria presentada por SMU, toda vez que quedó demostrado que la parte recurrida no tiene prueba suficiente para probar su caso.

En la alternativa, procede que se deje sin efecto las determinaciones del TPI que no están sustentadas por la prueba admisible que consta en el récord.

También, el 8 de agosto de 2024, J&N Parking incoó el recurso de *certiorari* KLCE202400862, y formuló los siguientes señalamientos de error:

Erró el Tribunal de Primera Instancia al no desestimar la Demanda presentada en contra de J&N Parking Group Corp., a pesar de haber emitido determinaciones de hechos que hacen un hecho incontrovertible el que J&N Parking Group Corp. no tiene ningún control sobre la escalera de la cual se alega sufre condiciones peligrosas.

Erró el Tribunal de Primera Instancia al no desestimar la demanda presentada contra J&N Parking Group Corp., conforme a la Regla 10.2 de Procedimiento Civil.

Por su parte, en sus escritos en *Oposición a Petición de Certiorari,* la Sra. Martínez Marrero expuso las razones por las cuales entiende que este Tribunal debe confirmar la Resolución recurrida.

Del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC) surge que el 16 de agosto de 2024, el TPI dictó una orden de paralización de los procedimientos judiciales ante dicha sala hasta tanto este Tribunal emitiera su mandato.

## II.

### A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[6]

En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari*.[7] La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions,* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según lo dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

---

[6] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[7] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

Ahora bien, aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender.[8]

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[9] Por tanto, de no estar

---

[8] *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).
[9] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

En fin, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[10]

**B.**

El mecanismo de sentencia sumaria, regulado por la Regla 36 de Procedimiento Civil[11] permite al tribunal disponer de un caso sin celebrar vista en su fondo.[12]

La Regla 36.1 de Procedimiento Civil[13], establece que una moción de sentencia sumaria debe estar fundada en declaraciones juradas, o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes.[14] Por tanto, el Tribunal podrá dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones, interrogatorios y admisiones ofrecidas, junto a las declaraciones juradas, si las hubiere, surge que no exista ninguna controversia real sobre los hechos materiales y esenciales del caso y solo resta por resolver una controversia de estricto derecho.[15]

---

[10] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[11] 32 LPRA Ap. V, R. 36.
[12] *SLG Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 334 (2021); *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020); *Abrams Rivera v. E.L.A.,* 178 DPR 914, 932 (2010); *Nieves Díaz v. González Massas,* 178 DPR 820, 847 (2010); *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010).
[13] 32 LPRA Ap. V, R. 36.1.
[14] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 335; *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018).
[15] 32 LPRA Ap. V, R. 36.3(e); *León Torres v. Rivera Lebrón,* supra; *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013); *Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión,* supra, pág. 214; *González Aristud v. Hosp. Pavía,* 168 DPR 127, 137-138 (2006).

En otro extremo, la sentencia sumaria resulta improcedente cuando: (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho, no proceda.[16]

La parte promovida tiene el deber de refutar los hechos alegados, con prueba que controvierta la exposición de la parte que solicita la sentencia sumaria.[17] En este sentido, la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. Dicha parte está obligada a controvertir la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente en su solicitud, ya que, de no hacerlo, corre el riesgo de que se dicte sentencia sumaria en su contra, de proceder en derecho.[18]

Sin embargo, el hecho de que la otra parte no presente prueba que controvierta la evidencia presentada por la parte promovente de la moción de sentencia sumaria, no implica necesariamente que dicha moción procederá automáticamente si realmente existe una controversia sustancial sobre hechos esenciales y materiales.[19]

Asimismo, toda inferencia que se haga de los hechos incontrovertidos debe hacerse de la manera más favorable a la parte que se opone a la misma.[20] A tono con este principio, el Tribunal Supremo ha indicado que, "[a]l considerar la moción de sentencia sumaria se tendrán como ciertos los hechos no controvertidos que

---

[16] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, págs. 335-336; *Mejías et al. v. Carrasquillo et al.*, supra, pág. 299; *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 DPR 714 (1986).

[17] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 336; *León Torres v. Rivera Lebrón,* supra, pág. 44; *Ramos Pérez v. Univisión*, supra, pág. 215.

[18] *León Torres v. Rivera Lebrón,* supra, pág. 43.

[19] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, pág. 337.

[20] *Mejías et al. v. Carrasquillo et al.*, supra, pág. 300; *Corp. Presiding Bishop CJC of LDS v. Purcell,* supra, pág. 721.

consten en los documentos y las declaraciones juradas ofrecidas por la parte promovente."[21]

En el caso de un foro apelativo, este debe utilizar los mismos criterios que el tribunal sentenciador al determinar si procede dictar sentencia sumaria, sin embargo: (1) sólo puede considerar los documentos que se presentaron ante el foro de primera instancia; y (2) sólo puede determinar si existe o no alguna controversia genuina de hechos materiales y si el derecho se aplicó de forma correcta.[22]

Así pues, por estar en la misma posición que el foro primario al momento de revisar las solicitudes de sentencia sumaria, el Tribunal Supremo de Puerto Rico estableció un estándar específico, que, como foro apelativo, debemos utilizar. A tales efectos, en *Meléndez González, et al. v. M. Cuebas*[23], indicó que, de entrada, debemos revisar que tanto la moción de sentencia sumaria, así como su oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil.[24] Subsecuentemente, si existen hechos materiales controvertidos, "el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos".[25] Por el contrario, si encontramos que los hechos materiales del caso son incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente la norma jurídica aplicable a la controversia que tuvo ante sí.[26]

El modelo de sentencia sumaria por insuficiencia de prueba fue adoptado por el Tribunal Supremo en *Medina v. M.S. & D.*

---

[21] *Piñero v. A.A.A.*, 146 DPR 890, 904 (1998).
[22] *SLG Fernández-Bernal v. RAD-MAN et al.,* supra, págs. 337-338; *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 129 (2012).
[23] 193 DPR 100 (2015).
[24] *Íd.*, pág. 118.
[25] *Íd.*, pág. 119.
[26] *Íd.*

*Química P.R., Inc.*[27]. Esta modalidad procede cuando la parte demandante no cuenta con evidencia suficiente para probar su caso.[28] Específicamente, el promovente debe establecer que: (1) el juicio en su fondo es innecesario; (2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial a su reclamación; y, (3) como cuestión de derecho, procede la desestimación de la reclamación.[29]

No obstante, para disponer de un pleito por dicho fundamento es indispensable que se le haya brindado a la parte promovida amplia oportunidad para realizar un descubrimiento de prueba y que se demuestre que la prueba descubierta no satisface los elementos necesarios para establecer su causa de acción.[30] Por su lado, la parte promovida no puede evitar tal solicitud "por el mero pretexto de que, a pesar de no contar con evidencia suficiente para probar un elemento indispensable para su reclamación, merece su 'día en corte'"[31]. Así que, para derrotar una moción de sentencia sumaria bajo la modalidad de la insuficiencia de la prueba, la parte promovida puede, entre otras cosas presentar con su oposición una prueba admisible en evidencia o una prueba que pueda convertirse en admisible -aunque de momento no lo sea- o que dé lugar a una prueba admisible que demuestre que existe evidencia para probar los elementos esenciales de su caso; que hay prueba en el récord que puede convertirse en una prueba admisible que derrotaría la contención de insuficiencia del promovente; que la moción es prematura porque el descubrimiento es inadecuado, está a medias o no se ha realizado, o que éste, por su naturaleza, no es un caso

---

[27] 135 DPR 716 (1994).
[28] *Rodríguez Méndez v. Laser Eye*, 195 DPR 769, 786 (2016).
[29] *Íd.*
[30] *Íd.,* pág. 787.
[31] *Íd.*

que conviene que se resuelva por el mecanismo expedito de la sentencia sumaria.[32]

Valga apuntar que, a la modalidad de sentencia sumaria por insuficiencia de la prueba le aplican todos los principios que deben utilizarse por los tribunales al resolver una solicitud de sentencia sumaria.[33] Por ello, podrá dictarse sentencia sumaria solamente cuando no exista ninguna controversia real sobre los hechos materiales y esenciales del caso[34] y, además, si en derecho procede el reclamo.[35] "[C]uando existe duda sobre si hay o no prueba suficiente o si hay una controversia de hecho, esta duda debe resolverse en favor de la parte promovida".[36]

Así pues, el mecanismo de sentencia sumaria es un remedio discrecional que procederá solo cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos, que no existen controversias sobre hechos materiales y esenciales, y que, por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria.[37]

Hay que señalar que una sentencia sumaria, por constituir una decisión en los méritos es el precedente de cosa juzgada[38] cuando se opone entre partes debidamente relacionadas.[39] Por ello, se ha advertido que, antes de resolver una controversia por la vía sumaria, el juzgador habrá de discernir cuidadosamente al respecto,

---

[32] *Medina v. M.S. & D. Química P.R., Inc.,* supra, pág. 734.

[33] *Íd.*

[34] Un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo al derecho sustantivo aplicable". *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). A su vez, la controversia relacionada a un hecho material debe ser real, "por lo que cualquier duda es insuficiente para derrotar una Solicitud de Sentencia Sumaria". *Íd.*, págs. 213-214.

[35] *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

[36] *Medina v. M.S. & D. Química P.R., Inc.,* supra.

[37] *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004). Véase, además, *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Pérez Vargas v. Office Depot*, 203 DPR 687, 699 (2019).

[38] El efecto de la aplicación de la doctrina de cosa juzgada es que la sentencia emitida en un pleito anterior impide que se litiguen posteriormente, entre las mismas partes y sobre las mismas causas de acción y cosas, las controversias ya litigadas y adjudicadas, y aquellas que se pudieron haber litigado. *Mun. de San Juan v. Bosque Real, S.E.,* 58 DPR 743, 769 (2003).

[39] *Vera v. Dr. Bravo*, supra, pág. 335.

pues "mal utilizada, puede prestarse para despojar a un litigante de su 'día en corte', principio elemental del debido proceso de ley".[40]

### III.

Al evaluar las peticiones de *certiorari*, concluimos que, aun cuando el asunto está contemplado en los supuestos sujetos a revisión de la Regla 52.1 de Procedimiento Civil, *supra*, las solicitudes no cumplen con ninguno de los criterios de la Regla 40 del Reglamento de este Tribunal, *supra,* que justifique nuestra intervención con el dictamen recurrido.

El TPI consignó hechos materiales sobre los cuales no existe controversia, así como aquellos que entiende están en controversia. La apreciación del TPI en cuanto a la imposibilidad de concluir, como lo pretenden los peticionarios, que no existe prueba suficiente para establecer los elementos de la causa de acción, o que las escaleras en las que se alega que ocurrió la caída, y que quedan justo en el estacionamiento, estuvieran bajo el control exclusivo de uno de los codemandados con exclusión del otro, en forma alguna denota una actuación arbitraria, caprichosa o errónea de parte de dicho foro. Ante dicho escenario, nos abstenemos de intervenir con el dictamen recurrido.

### IV.

Por lo antes expresado, se deniega la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[40] *González v. Alicea, Dir. Soc. Asist. Legal,* 132 DPR 638, 646-647 (1993).